■ In the Matter of DORE BRADLEY, Petitioner, v BRIAN WING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [679 NYS2d 189] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent State Commissioner of Social Services which denied petitioner's application for medical assistance benefits.

Petitioner is a 37-year-old woman who resides with her husband and was hospitalized from April 26, 1996 until May 17, 1996 for bipolar disorder and from August 15, 1996 until September 6, 1996 for catatonic type schizophrenia. She incurred medical expenses in the approximate amounts of $14,000 and $18,000, respectively, in connection with the two hospitalizations. On May 30, 1996, prior to the second hospitalization, petitioner filed an application for medical assistance benefits with the Sullivan County Department of Social Services (hereinafter the County). Shortly thereafter, on June 3, 1996, petitioner's husband received the proceeds of a personal injury settlement in the amount of $38,747.55. On June 12, 1996, the County found that petitioner was categorically ineligible for benefits due to excess resources and denied her application. Thereafter, petitioner requested and received a fair hearing before the State Department of Social Services (hereinafter DSS). DSS found, *inter alia*, that petitioner was only eligible for medical assistance benefits under the category of home relief and concluded that her resources exceeded the $1,000 limitation applicable to eligibility under this category. Accordingly, DSS upheld the denial of petitioner's application resulting in this CPLR article 78 proceeding.

Petitioner's main contention is that DSS considered her application for medical assistance benefits under the wrong category of eligibility. She maintains that her disability rendered her eligible for benefits under the "medically needy" classification which has a nonexempt resource limitation for a household of two of $4,850. She claims that DSS improperly considered her eligibility under the home relief classification which, during the time period at issue, had a nonexempt resource threshold of $1,000.

Initially, 18 NYCRR 360-3.3 sets forth two categories of eligibility for medical assistance benefits, namely, persons who are "categorically needy" (*see*, 18 NYCRR 360-3.3 [a]) and those who are "medically needy" (*see*, 18 NYCRR 360-3.3 [b]). An applicant is considered "categorically needy" if he or she is eligible to receive home relief, Aid to Dependent Children, Supplemental Security Income and/or State supplementary payments, or is a child under certain circumstances (*see*, 18 NYCRR 360-3.3 [a]). An applicant is considered "medically needy" if "his/her net available income and resources do not meet the cost of necessary medical care and services under the M[edical] A[ssistance] program" and he or she, among other things, "is certified blind or certified disabled" (18 NYCRR 360-3.3 [b] [2]). A disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months" (18 NYCRR 360-5.2 [b]).

In support of her claim of disability, petitioner submitted with her application copies of records of her hospitalization as well as a note from her physician, Joy Mendelsohn, dated June 5, 1996, indicating that petitioner was unable to work and would probably be unable to continue to work for at least six months. While this proof failed to establish that petitioner suffered from a disability expected to last for at least 12 months (*see*, 18 NYCRR 360-5.2 [b]), petitioner provided additional medical documentation to supplement her application in the form of a medical report prepared by a psychiatrist, Michael McGuire, on a DSS form which indicated that petitioner suffered from a bipolar disorder expected to last one year or more. Although this report was not before the County when it ruled on petitioner's application, it was made available to DSS at the time of the fair hearing. DSS, however, failed to make any findings concerning whether petitioner suffered from a disability, concluding that the issue was moot since petitioner had sufficient resources to meet the unpaid medical bills.

Inasmuch as petitioner's husband did not receive the proceeds of the personal injury settlement until June 1996, we disagree with DSS' conclusion that the disability issue was rendered entirely moot. At the time of her May 1996 application, petitioner had access to nonexempt assets totaling $3,955.27 consisting of a checking account owned jointly with her husband of $348, a savings account owned jointly with her husband of $271.45, and a Mainstay funds account owned jointly with her mother of $3,335.82. Even if all of these assets were considered resources of petitioner, she would still be below the $4,850 nonexempt resource limitation which the parties agree is applicable to applicants for medical assistance benefits who fall within the "medically needy" category. Therefore, the matter must be remitted to DSS for further proceedings to consider the issue of petitioner's disability.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to the State Department of Social Services for further proceedings not inconsistent with this Court's decision.